IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES A. TORCHIA,

    Plaintiff,

vs.                            CASE NO. 4:05-CV-110-SPM/AK

STATE OF FLORIDA, OFFICE OF
FINANCIAL REGULATION,

    Defendant.
_____/

## ORDER DISMISSING CASE

**THIS CAUSE** comes before the Court upon Defendant's Motion to Dismiss (doc. 4) filed June 2, 2005 and Plaintiff's Response (doc. 6-1) filed June 20, 2004. The Defendant has set forth four arguments as to Count I and one argument as to Count II, each of which will each be addressed in turn. For the reasons stated below, the Court finds that the motion must be granted.

## LEGAL STANDARD

The most-cited standard by which a court should judge a motion to dismiss was originally set forth in Conley v. Gibson, 355 U.S. 41 (1957):

> [A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.

Id. at 45-46.  The question is whether, "in the light most favorable to plaintiff, and with every doubt resolved in his behalf, the complaint states any valid claim for relief."  5A CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2d ed. 1990)(internal citations omitted).  This standard is an "exceedingly low" one.  United States v. Baxter Int'l, 345 F.3d 866 (11th Cir. 2003)(citing In re Southeast Banking Corp., 69 F.3d 1539 (11th Cir. 1995)).  As a result, motions to dismiss are not only viewed with disfavor, but are rarely granted.  Gasper v. Louisiana Stadium and Exposition Dist., 577 F.2d 897 (5th Cir. 1978)[1](citing Madison v. Purdy, 410 F.2d 99 (5th Cir. 1969)).

## COUNT I

**ROOKER-FELDMAN DOCTRINE**

The Rooker-Feldman doctrine provides that federal courts do not have appellate jurisdiction over decisions rendered by state courts in civil proceedings.  See District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983); Rooker v. Fid. Trust Co., 263 U.S. 413 (1923).  There are three circumstances in which the Rooker-Feldman doctrine applies: 1) when seeking review of a state court decision; 2) when raising new claims that are "inextricably intertwined" with that previous state court decision; and 3) when challenging the constitutionality of a statute as applied.  Each aspect of the doctrine is discussed *infra*.

---

[1] The Eleventh Circuit adopted all decisions by the Fifth Circuit rendered on or before September 30, 1981, pursuant to Bonner v. City of Prichard, 661 F.2d 1206 (11th Cir. 1981).

### *Review of State Court Decisions*

Rooker-Feldman applies "to cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the federal district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp v. Saudi Basic Indus. Corp., — U.S. —, 125 S.Ct. 1517, 1521-22 (2005). Although Plaintiff states that he is not looking for review and rejection, he is in actuality asking this Court to review the ruling handed down by the Fourth District Court of Appeal in 2004. That opinion affirmed Defendant's order adopting the administrative law judge's recommendation and imposing penalties upon Plaintiff for selling unregistered securities in violation of the Florida Securities and Investor Protection Act. Plaintiff petitioned the Florida Supreme Court for a writ of certiorari, which was subsequently denied.

Plaintiff now couches the same argument in different terms by arguing that 1) Defendant unconstitutionally applied the Act to Plaintiff; and 2) Florida courts "failed to employ traditional canons of statutory interpretation in reconciling conflicting statutes." This attempt to place the federal courts in a position of reviewing the Fourth District Court of Appeal's opinion is squarely barred by Rooker-Feldman, as noted by Narey v. Dean, 32 F.3d 1521, 1525 (11th Cir. 1994)(holding that "[i]f the decision of a state agency has been upheld by a state court, then the Rooker-Feldman doctrine applies, because a challenge to the

agency's decision necessarily involves a challenge to the judgment of the state court").

### *"Inextricably Intertwined"/As-Applied Unconstitutionality*

Rooker-Feldman also applies to claims that were not raised in state court but which are "inextricably intertwined" with the state court judgment.  Powell v. Powell, 80 F.3d 464, 466 (11th Cir. 1996) (citing Feldman, 460 U.S. at 482 n.16). Plaintiff states that his claim "that Chapter 517 as applied in light of Chapter 626 is unconstitutionally vague, in violation of the Fifth and Fourteenth Amendments[]" is an "independent claim not inextricably intertwined with issues adjudicated by the state court."

This argument is not well-taken. The Powell court noted that the issue of unconstitutional statutory application "clearly is a particularized challenge to the . . . state trial court's judgment."  Powell, 80 F.3d at 468 n.3.  The Eleventh Circuit Court of Appeals has agreed: "In contrast to the facial constitutional challenge, [an] as-applied challenge is inextricably intertwined with the state court proceedings and is barred by the Rooker-Feldman doctrine."  Greenberg v. Zingale, 2005 WL 1432471 at *3 (11th Cir. Jun. 20, 2005).

If this Court were to find the challenged statute unconstitutional, it would effectively nullify the Fourth District's ruling adopting the OFR's finding that Plaintiff sold unregistered securities as an unregistered person in violation of the Florida Securities and Investor Protection Act.   In order to protect the

sovereignty of state court decisions, Rooker-Feldman precludes this Court from reviewing the issues raised by Plaintiff.

**ELEVENTH AMENDMENT**

Simply put, the Eleventh Amendment prohibits suits against states and their agencies.  See Alabama v. Pugh, 438 U.S. 781 (1978).  This jurisdictional bar applies "regardless of the nature of the relief sought," *i.e.*, regardless of whether the suit is in equity or at law.  Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984) (citing Missouri v. Fiske, 290 U.S. 18, 27 (1933)).  Unless there has been a "legitimate abrogation of immunity by Congress", or a "waiver of immunity" by the state, the Eleventh Amendment is an absolute bar to suit.  Gamble v. Florida Dep't of Health and Rehab. Servs., 779 F.2d 1509, 1511 (11th Cir. 1986) In his first complaint, Plaintiff has sued only the State of Florida's Office of Financial Regulation–a governmental entity clearly protected by the Eleventh Amendment.

Pursuant to Ex Parte Young,[2] the Eleventh Amendment does not bar suits seeking prospective relief against a state official.  See Florida Ass'n of Rehabilitation Facilities, Inc. v. State of Fla. Dep't of Health and Rehabilitative Servs, 225 F.3d 1208 (11th Cir. 2000).  Plaintiff has requested leave to amend the complaint to substitute Don Saxon in his capacity as the commissioner of

---

[2]   209 U.S. 123 (1908).

Florida's Department of Financial Services (see doc. 12).  However, this addition would be futile, as the complaint is still subject to dismissal for the other reasons stated in this order.

**FULL FAITH AND CREDIT ACT**

The Full Faith and Credit Act, codified at 28 U.S.C. § 1738, provides that "judicial proceedings . . . shall have the same full faith and credit in every court within the United States . . . as they have by law or usage in the courts of such State . . . from which they are taken."  Because Plaintiff's claims would be unsuccessful under Florida law, they may not be raised in federal court.

In Florida, the doctrine of *res judicata* precludes claims that were raised in a previous court, as well as claims that could have been raised, from being relitigated.  <u>Florida Dep't of Transp. v. Juliano</u>, 801 So. 2d 101, 105 (Fla. 2001). Here, not only are the parties identical to Plaintiff's previous state case, but the underlying facts are the same.  Under Florida law, Plaintiff's constitutional as-applied challenge to chapters 517 and/or 626 are properly raised in the state's district courts of appeal:

> Sitting in their review capacity, the district courts provide a proper forum to resolve this type of constitutional challenge because those courts have the power to declare the agency action improper and to require any modifications in the administrative decision-making process necessary to render the final agency order constitutional. A party may, however, seek circuit court relief for injuries arising from an agency decision which the party accepts as intrinsically correct, as illustrated in this case.

<u>Key Haven Assoc. Enterp., v. Bd. of Trustees of the Internal Improvement Trust Fund</u>, 427 So. 2d 153, 158 (Fla. 1982).  Nowhere in the law is mention made of seeking relief in federal court.  Because Plaintiff's constitutional challenge involves the same set of facts as in the state court suit, he should have raised the issue before the Fourth District Court of Appeal at the same time he appealed on other grounds.

Thus, having determined that Plaintiff's claim would be barred in Florida by the doctrine of *res judicata*, this Court gives full faith and credit to the final judgment rendered by the Fourth District in Plaintiff's state case and finds that the instant suit is barred.

**VOID FOR VAGUENESS**

It is a fundamental tenet of due process that a statute cannot be overly vague.  "A statute . . . is void for vagueness when, because of its imprecision, it fails to give adequate notice of what conduct is prohibited."  <u>Sult v. State</u>, 30 Fla. L. Weekly S470 (Fla. Jun. 23, 2005).  In Count I of his complaint, Plaintiff asks the court to decide if the statutory scheme involving Chapters 517 and 626 of the Florida Statutes is void for vagueness, arguing that reasonable persons cannot determine from the language of the statutes whether viatical settlement purchase agreements are subject to regulation as securities under chapter 517 or whether chapter 626 exclusively covers those transactions.

On June 15, 2005, the Governor signed into law Committee Substitute for Senate Bill 2412, codified at Laws of Fla. ch. 237.[3]  The bill amended chapter 517 to explicitly include "viatical settlement investments" in the definition of "securities".  The amended statute goes on to define "viatical settlement investments", specifically exempts certain transfers or assignments, and clarifies that certain exemptions in a companion statute do not apply to viatical settlement investments.

This new law removes any doubt as to what constitutes illegal conduct under chapter 517 or chapter 626.  These statutes (now, if not previously) give persons of common intelligence fair and unambiguous notice of what is prohibited under the law.

## COUNT II

Plaintiff alleges in his complaint that the Florida court "failed to employ traditional canons of statutory interpretation in reconciling conflicting statutes." This allegation states no recognized cause of action; it merely asks this Court to review and reweigh the decision made by the Fourth District Court of Appeal.  As detailed *supra*, this Court has no authority to undertake such an activity.

---

[3] To the extent that Plaintiff objects to Defendant's notice of supplemental authority (doc. 7), which advises that this law was passed after the motion to dismiss was filed, this Court is bound to judicially notice laws of any state:  "'The law of any State of the Union, whether depending upon statutes or upon judicial opinions, is a matter of which the courts of the United States are bound to take judicial notice, without plea or proof.'"  Kamen v. Kemper Fin. Servs., Inc., 500 U.S. 90, 99 (1991)(quoting Lamar v. Micou, 114 U.S. 218, 223 (1885)).

Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant's motion to dismiss (doc. 4) is hereby *granted*.

2. Plaintiff's motion to strike Defendant's supplemental brief (doc. 9) is hereby *denied*.

3. Plaintiff's motion for leave to file an amended complaint (doc. 12) is hereby *denied*.

4. This case is *dismissed*.

**DONE AND ORDERED** this nineteenth day of August, 2005.

    *s/ Stephan P. Mickle*
    Stephan P. Mickle
    United States District Judge

/pao