IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES TORCHIA,

    Plaintiff/Appellant,

vs.                          CASE NO. 4:05-CV-110-SPM

STATE OF FLORIDA OFFICE OF
FINANCIAL INSTITUTIONS AND
SECURITIES REGULATION,

    Defendant/Appellee.

_____/

ORDER AWARDING ATTORNEY FEES AND
REFERRING CASE TO MAGISTRATE JUDGE FOR EVIDENTIARY HEARING

**THIS CAUSE** comes before the Court upon the "Motion Setting Forth Fees and Costs" (doc. 31) filed by Defendant OFR June 9, 2006 and Plaintiff Torchia's response (doc. 32) filed June 22, 2006. The documents were filed in response to this Court's order (doc. 30), which in turn was issued in order to fulfill a directive from the Eleventh Circuit. On February 27, 2006, the appellate court remanded the case for a determination of attorney fees under both Federal Rule of Appellate Procedure 38 and 28 U.S.C. § 1927. See Torchia v. State of Florida Office of Fin. Inst. and Sec. Regulation, 168 Fed. Appx. 922 (11th Cir. 2006).

In obeying the appellate court's mandate, this Court issued an order (doc.

30) directing OFR to serve on Torchia a sworn statement of claim showing a detailed breakdown of costs and fees incurred in defending the appeal. Torchia was given until June 2, 2006 to serve a written statement of position specifically identifying the bases for any objections made. The parties were directed to confer in an attempt to reach agreement on as many issues as possible. OFR was then to file with the Court a written motion setting forth the amount of costs and fees. Unless Torchia had no objection to the amount, he was to file his objections within fourteen days.

Torchia's counsel[1] failed to respond to OFR by the June 6 deadline, and his filed response to the motion consists mainly of excuses seeking to place blame on OFR. Torchia's counsel claims that he did not respond because he was under the impression that OFR counsel was discussing settlement with OFR representatives. Counsel then goes on to say that he would have filed a response "[h]ad [he] known that OFR and its counsel w[ere] not dealing in good faith . . . but w[ere] ostensibly setting up Torchia for ambush by leaving the offer open until the June 2 deadline had passed and then springing on the opportunity to rush into court and file its motion . . . two weeks before the [deadline]." *See* doc. 32 at 2-3.

It is notable that in his response filed with the Court, Torchia still offers no objections to either the amount of time or the hourly rate claimed in OFR's

---

[1] To distinguish between Plaintiff as client and Plaintiff as represented by counsel, this order refers to the client as "Torchia" and his attorney as either "Plaintiff" or "Plaintiff's counsel".

motion. Having reviewed the motion itself, the Court finds the $150 hourly rate to be reasonable, and finds the number of hours expended by both OFR attorneys to be reasonable as well. It appears that each attorney's duties complemented the other's, with no duplication of work performed: Peter Fisher handled almost all aspects of brief preparation, while Gregg Morton focused on the Rule 38 motion that led to the appellate court's remand.

Finding the $13,488.83[2] reasonable, the Court now takes up the second issue in the remand opinion: whether any or all of the fees should be imposed personally upon Torchia's attorneys under 28 U.S.C. § 1927, which provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

The court finds that an evidentiary hearing is warranted in order to properly make this determination. "Plainly, an attorney threatened with sanctions under § 1927 is entitled to a hearing." Amlong & Amlong, P.A. v. Denny's, Inc., 2006 WL 2105980 (11th Cir. Jul. 21, 2006)(*citing* Reynolds v. Roberts, 207 F.3d 1288, 1302 (11th Cir. 2000)). This Court has the authority under 28 U.S.C. § 636(b)(1) to refer such matters to a magistrate judge to hold a hearing and then supply the

---

[2] The total amount of $13,488.43 comprises $6,780 for Peter Fisher's work (45.2 x $150) + $6,615.00 for Gregg Morton's work (44.1 x $150) + costs of $93.83.

Court with a report and recommendation. Accordingly, it is

**ORDERED AND ADJUDGED** as follows:

1. Attorney fees and costs in the amount of **$13,488.83** are hereby imposed upon Torchia pursuant to Federal Rule of Appellate Procedure 38.

2. This matter is referred to The Honorable Allan Kornblum, Magistrate Judge, to hold an evidentiary hearing on the issue of what portion, if any, of the $13,488.83 should be imposed personally on Torchia's attorneys pursuant to 28 U.S.C. § 1927.

3. Upon receipt of a report and recommendation from the magistrate, this Court will render a final order on the matter.

**DONE AND ORDERED** this <u>sixteenth</u> day of August, 2006.

*s/ Stephan P. Mickle*
Stephan P. Mickle
United States District Judge