IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

JAMES A. TORCHIA,

    Plaintiff,

v.                                                    CASE NO. 4:05-cv-00110-SPM-AK

STATE OF FLORIDA OFFICE OF FINANCIAL
INSTITUTIONS AND SECURITIES REGULATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Following Plaintiff's appeal of the dismissal of this case, the Eleventh Circuit granted in part Defendant's request for costs and attorney's fees for defense of the appeal and remanded for a determination of the amount of the fees and whether Plaintiff's attorneys should be personally responsible for some part of those fees pursuant to 28 U.S.C. § 1927. Doc. 29. After considering the parties' arguments, the Court fixed the amount of the taxable fees at $13,488.83 and referred this matter to the undersigned for an evidentiary hearing to determine "what portion, if any, of the $13,488.83 should be imposed personally on Torchia's attorneys." Doc. 34. Thus, the issue before this Court is very narrow, i.e., whether Plaintiff's attorneys should be personally responsible for some portion of the fees because they "multiplie[d] the proceedings...unreasonably and vexatiously" in violation of 28 U.S.C. § 1927 by appealing the Court's order which dismissed this cause.

Plaintiff was personally noticed by the Court of these proceedings via telephone, fax, and mail, but he did not attend the hearing.

**DISCUSSION**

Section 1927 provides: "Any attorney...who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. "This section is not a 'catch-all' provision for sanctioning objectionable conduct by counsel." *Schwartz v. Millon Air, Inc.*, 341 F.3d 1220, 1225 (11th Cir. 2003). Rather, for an award of § 1927 fees, an attorney must engage in unreasonable **and** vexatious conduct which multiplies the proceedings, and "the amount of the sanctions cannot exceed the costs occasioned by the objectionable conduct." *Schwartz*, 341 F.3d at 1225. "[S]omething more than a lack of merit is required," as the statute "was designed to sanction attorneys who 'willfully abuse the judicial process by conduct tantamount to bad faith.'" *Id*. (citation omitted). Section 1927 does not apply where the attorney has acted with "mere negligence." *Id*. Instead, the touchstone is bad faith, i.e., the attorney "knowingly and recklessly pursues a frivolous claim or engages in litigation tactics that needlessly obstruct the litigation of non-frivolous claims." *Id*.[1]

Defendant's allegations of unreasonable and vexatious conduct on the part of Plaintiff's counsel in prosecuting the appeal can be synthesized as follows:

(1) Counsel Marc Celello cut and pasted parts of a memorandum filed in this Court into his appellate brief;

---

[1] In *Cordoba v. Dillard's, Inc.*, 419 F.3d 1169, 1178 (11th Cir. 2005), the court noted that the cases in the Eleventh Circuit were "perhaps somewhat unclear" on the bad faith standard–"either they require subjective bad faith, which may be inferred from reckless conduct, or they merely require reckless conduct, which is considered 'tantamount to bad faith.'" It did not, however, resolve what could, according to the court, be in insignificant distinction. *Id*.

Case No: 4:05cv110-spm/ak

>    (2)    He then failed to analyze the Court's order dismissing this cause or otherwise to distinguish or criticize the cases cited or their factual applicability to the issues at hand; and
>
>    (3)    He misquoted case law and cited an overruled case.

In Defendant's view, because the appeal was frivolous, it necessarily multiplied the proceedings both unreasonably and vexatiously.

Having heard the testimony of counsel and considered the evidence presented, the Court finds that while the appeal, as determined by the Eleventh Circuit, was frivolous, it was not taken in bad faith.[2] There is not one lawyer–or judge for that matter--who uses a writing program, such as WordPerfect or Microsoft Word, who has not engaged in what this Court refers to as "push button jurisprudence." Being able to cut and paste is, in the majority of instances, a wonderful tool and a better use of litigant and judicial resources than working from scratch every time a new project is begun.

In addition, while instant counsel either ignored controlling precedent or somehow failed to appreciate its legal significance,[3] he did not personally take any actions with regard to the

---

[2]Defendant's citations to *Lisa v. Fournier Marine Corp.*, 866 F.2d 530 (1st Cir. 1989), *Caldwell v. Palmetto State Savings Bank*, 811 F.2d 916 (5th Cir. 1987), and *Chalfy v. Turoff*, 804 F.2d 20 (2nd Cir. 1986), are unqualifiedly unpersuasive. The finding by the court in *Lisa* that the appeal was frivolous and needlessly burdensome does not address the triggering factors in the Eleventh Circuit for an assessment of § 1927 fees. *See Sanchez*, 341 F.3d at 1225.
    While the *Caldwell* court noted that the appeal was frivolous–appellants, who were attorneys themselves, "presented arguments to [the] court that are completely meritless, even on the most fundamental of legal principles, jurisdiction"–it did not otherwise explain its award of § 1927 fees personally against counsel.
    Finally, although the *Chalfy* court cited § 1927 and Fed. R. App. P. 38, it did not explain under which authority the fees were being granted or even if they were being assessed against counsel personally.

[3]*See Key Haven Associated Enterprises, Inc. v. Board of Trustees*, 427 So.2d 153, 157-158 (Fla. 1982) (rejecting view espoused in *Coulter v. Davin*, 373 So.2d 423 (Fla. Dist. Ct. App. 1979), that "a district court does not have jurisdiction...to overturn agency action because of the

factual bases of the underlying case which thwarted or willfully abused the judicial process, as did counsel in *United States v. Potamkin Cadillac Corp.*, 697 F.2d 491 (2nd Cir. 1983).  Also, unlike counsel in *Potamkin*, he did not then continue that course of conduct through a second challenge in the trial court followed by another equally frivolous appeal after having already been sanctioned for a frivolous first appeal.  Moreover, unlike counsel in *In re Reed*, 861 F.2d 1381 (5th Cir. 1988), Plaintiff's counsel did not act unprofessionally in pressing his arguments or make "specious attacks on a prior final judgment entered with prejudice to his client's rights" or file voluminous arguments which were not even raised in this court before the appeal.

      Furthermore, Defendant does not allege that counsel made "many misrepresentations of the record," as counsel in *Malhiot v. Southern California Retail Clerks Union*, 735 F.2d 1133 (9th Cir. 1984), did, but instead, that he failed to disclose in his initial appellate brief the full scope of the state court proceedings.  Although Defendant is absolutely correct in this regard, the Court believes that it was an inconsequential "misrepresentation," since the resolution of this case revolved around whether Plaintiff could have and should have presented his constitutional challenge in the administrative proceedings, not whether he fully exhausted his administrative remedies through appeal.  Furthermore, the full scope of state court proceedings in this case and the related case was fully laid out in the Complaint, Doc. 1 at 11-13, and thus, it cannot reasonably be argued that this single omission even approaches the *Sanchez* requirement of bad faith.

      One instance that Defendant advances of an "intentional misstatement" of Florida law

---

facial unconstitutionality of an underlying statute" and holding that constitutional challenge to agency's application of rule or statute must be administratively exhausted with review by court of appeal).

involves counsel's omission of an introductory clause, "While we disagree with *Coulter*'s reasoning...." *Rice v. Department of Health and Rehabilitative Services*, 386 So.2d 844, 849 n.6 (Fla. Dist. Ct. App. 1980). While this omission certainly alters the point the *Rice* court was making, in this Court's view, it is more indicative of a young attorney's first appeal[4] rather than anything approaching bad faith or willful abuse of the judicial process. In this day of readily accessible computer assisted legal research, it is highly unlikely that any reasonably competent attorney would even try to manipulate the language of a case in an attempt to mislead the Court, when to do so is almost certainly doomed to failure.

The other instance of counsel's "intentional misstatement" of Florida law cited by Defendant is counsel's failure to recognize that *Key Haven* had rejected the holding in *Coulter*, *see supra* n. 3, the case on which Plaintiff's foray into federal court primarily hung. While the Court does not understand how counsel could stubbornly cling to his argument that he had no opportunity in state court to present a constitutional challenge in his administrative proceedings (a stance he continued to take at the hearing) when *Key Haven* is so very clear on this issue, it does not, however, believe that counsel's motives represent anything other than overzealous advocacy.

The Court rejects Defendant's continued equating of mere frivolity with unreasonable and vexatious conduct. While the Court does not dispute that there may be instances where the two converge, this case is not one of those, as it fully believes counsel's denial that the pursuit of the appeal was intended to harass or vex Defendant. Although the appeal of the Court's order may have been unreasonable, it was not, in this Court's view, vexatious. The assessment of §

---

[4] Mr. Celello advised the Court that his appeal to the Eleventh Circuit was indeed his first appeal.

*Case No: 4:05cv110-spm/ak*

1927 fees is a matter which must not be considered lightly, given its inevitable, if perhaps unconscious, chilling effect on an attorney's level of advocacy, and it must not, as *Sanchez* teaches, operate as a "'catch-all' provision for sanctioning objectionable conduct by counsel," *Schwartz*, 341 F.3d at 1225, but instead must be reserved for times of more egregious conduct than that exhibited here.

In light of the foregoing, it is respectfully **RECOMMENDED** that the attorney's fees previously awarded be borne solely by Plaintiff and that Defendant's request for the assessment of fees against Plaintiff's attorneys personally pursuant to 28 U.S.C. § 1927 be denied.

**IN CHAMBERS** at Gainesville, Florida, this _26th_ day of April, 2007.

        *s/ A. KORNBLUM*
        **ALLAN KORNBLUM**
        **UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**